UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RYAN PATRICK RUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00569-JPH-MJD |
| ) | |
| WEXFORD MED. SERV., et al. ) | |
| ) | |
| Defendants. ) | |

**Entry on Plaintiff's Motion for Preliminary Injunction**

This matter comes before the Court on Plaintiff Ryan Rucker's motion for preliminary injunction, dkt. [7]. For the reasons below, Mr. Rucker's motion is **denied as moot**.

"A preliminary injunction is an extraordinary remedy." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). "A party seeking a preliminary injunction must satisfy all three requirements in the threshold phase by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *Id.* (internal quotation omitted). In addition, a portion of the Prison Litigation Reform Act provides as follows:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

In his motion, Mr. Rucker asserts that defendants have denied his requests for treatment of injuries to his foot, and he requests injunctive relief in the form of "additional treatment, including

1

but not limited to: removal of the internal fixators for the third and fourth metatarsal shaft, orthopedics, and a continuing pain management plan." Dkt. 7 at 4-5.  In response to Mr. Rucker's motion, defendants Boyd, Byrd, Mitcheff, Riggs, Wright, and Wexford of Indiana ("the Wexford Defendants") informed the Court that they have approved Mr. Rucker's request for an off-site specialty appointment but that the date of the appointment is uncertain due to the ongoing coronavirus pandemic.  Dkt. 41 at 2.  In light of this action by the Wexford Defendants, Mr. Rucker's motion for medical injunction, dkt. [7], is **denied as moot**.

The Wexford Defendants **are ordered to file a notice by June 30, 2020,** reporting the status of their provision of an off-site specialty appointment for Mr. Rucker.

**SO ORDERED.**

Date: 6/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RYAN PATRICK RUCKER
189843
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Alex Maurice Beeman
REMINGER CO. LPA (Indianapolis)
abeeman@reminger.com

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov

3

Ronald A. Mingus
REMINGER CO. LPA (Indianapolis)
rmingus@reminger.com