UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RYAN PATRICK RUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00569-JPH-MJD |
| | ) | |
| WEXFORD MED. SERV., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT BY ELLIOTT KLEINMAN AND INDIANA DEPARTMENT OF CORRECTION**

Presently pending are motions for summary judgment filed by defendants Dr. Elliott Kleinman and the Indiana Department of Correction. For the reasons below, the defendants' motions, dkts. [74], [123], are **GRANTED**. Additionally, plaintiff Ryan Rucker's motion for leave to file surreply, dkt. [135], is **GRANTED**.

**I. SUMMARY JUDGMENT STANDARD**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the Court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

The Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th

1

Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the nonmoving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. FACTS

The following facts are not in dispute. At all relevant times, Mr. Rucker was a prisoner in the Indiana Department of Correction incarcerated at Wabash Valley Correctional Facility, and Dr. Kleinman was employed by Regional Hospital Healthcare Partners, LLC ("Healthcare Partners") and treated patients at the Terre Haute Regional Hospital (the "Hospital"). Dkt. 74-2 at 1-2. Neither Dr. Kleinman nor Healthcare Partners had a contract with any governmental entity or any prison healthcare provider to provide medical services to prisoners in the Indiana Department of Correction. *Id.* at 2. Dr. Kleinman occasionally treats prisoners or pre-trial detainees; these patients are less than 1% of his practice. *Id.* In 2019, Dr. Kleinman saw and treated Mr. Rucker four times. *Id.* at 2-3. Each visit took place at the Hospital. *Id.* at 1-2. Dr. Kleinman did not act under instruction or orders from the State of Indiana or any other governmental actor when he examined and treated Mr. Rucker. *Id.* at 2.

On April 17, Dr. Kleinman saw Mr. Rucker and recommended that surgery be performed on his left foot. *Id*. at 2-3. On May 3, Dr. Kleinman performed the surgery. Dkt. 74-1 at 9. On May 15 and June 5, Dr. Kleinman saw Mr. Rucker for post-operative visits, after which Dr. Kleinman instructed that Mr. Rucker was to be seen as needed. Dkt. 74-2 at 3, 13-14. Dr. Kleinman has had no contact with Mr. Rucker after the June 5 visit.

### III. DISCUSSION

IDOC and Dr. Kleinman have filed separate motions for summary judgment. *See* dkts. 74, 123.

#### A. IDOC

IDOC contends that it is entitled to summary judgment because Mr. Rucker has received the injunctive relief that he requested—a second surgery on his foot—making his claim against the IDOC moot. Dkt. 124 at 5. Mr. Rucker agrees, dkt. 137 at 3, so IDOC's motion for summary judgment, dkt. [123], is **GRANTED**.

#### B. Dr. Kleinman

Dr. Kleinman argues that he is entitled to summary judgment because he was not a state actor for purposes of Mr. Rucker's § 1983 claims. Private physicians may be deemed state actors when they assume a governmental entity's duty to provide medical care to persons within its custody, including prison inmates. *West v. Atkins,* 487 U.S. 42, 54 (1988); *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 827 (7th Cir.2009) ("[W]hen a physician is employed by the state to provide medical services to state prison inmates, that physician acts under the color of state law for purposes of section 1983."); *see also Ferguson v. Cook County Correctional Facility*, 836 Fed.Appx. 438, 442-443 (7th Cir. 2020) (citing *West*). When a state has a constitutional duty, such as providing adequate medical care for its inmates, the "delegation of that traditionally exclusive

public function to a private [party] g[ives] rise to a finding of state action." *West*, 487 U.S. at 55; *Rodriguez*, 577 F.3d at 826.

Here, there is no designated evidence showing that Dr. Kleinman acted under the color of state law, or that any government entity had a contract with Dr. Kleinman to provide medical services to inmates. Instead, the designated evidence shows that Dr. Kleinman was a podiatrist in private practice who provided medical treatment to Mr. Rucker as he would have for any other pre- and post-operative patient. Dkt. 74-2 at 2. Moreover, he treated Mr. Rucker based on his independent medical judgment, and not at the direction or in cooperation with any government actor. *Id*. There is no designated evidence that Dr. Kleinman assumed the government's duty to provide adequate medical care for persons within its custody.

Mr. Rucker asks the Court to find that "an implied contract" was formed between Dr. Kleinman and the State of Indiana because Dr. Kleinman provided care to Mr. Rucker while he was a prisoner. *See* dkt. 83 at 7. The fact that Mr. Rucker was in custody at the time he received treatment from Dr. Kleinman, however, does not render such treatment state action. *Rodriguez*, 577 F.3d at 828; *see also Ferguson*, 836 Fed. Appx. at 442 ("Of course, the mere fact that [the plaintiff] was in custody at the time is not sufficient to expose the [] defendants to § 1983 liability").

Mr. Rucker designates no evidence of an agreement between Dr. Kleinman and a state entity for Dr. Kleinman to provide medical care to prisoners. Without some arrangement whereby Dr. Kleinman assumed the government's medical responsibilities to prisoners, Dr. Kleinman's treatment of Mr. Rucker does not constitute state action. *West*, 487 U.S. at 56 ("[T]he dispositive issue concerns the relationship among the State, the physician, and the prisoner."). Accordingly, he is entitled to summary judgment on Mr. Rucker's § 1983 claims.

## IV. CONCLUSION

For the reasons discussed above, the motions for summary judgment filed by Dr. Kleinman and the Indiana Department of Correction, dkts. [74], [123], are **GRANTED**. The **clerk is directed** to terminate these defendants from the docket. No partial judgment shall issue. Additionally, Mr. Rucker's motion for leave to file surreply, dkt. [135], is **GRANTED**. The Court will issue its ruling on the remaining defendants' motion for summary judgment at Docket No. 119 in due course by separate order.

**SO ORDERED.**

Date: 1/12/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

RYAN PATRICK RUCKER
189843
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only